# CITY OF FORT LAUDERDALE v POWELL BROTHERS, INC.
## Case No. 83-22577 CA
Seventeenth Judicial Circuit, Broward County

December 10, 1985

### APPEARANCES OF COUNSEL

**Thomas J. Ansbro, Jr.** for petitioner.

**James J. Richardson** for defendant.

**Eugene L. Heinrich** for defendant.

### OPINION OF THE COURT

LOUIS WEISSING, Circuit Judge.

THIS ACTION having come on to be heard at multiple hearings on Defendant's motion for attorneys' fees and costs and the Court having considered the pleadings, exhibits and extensive testimony and evidence and having heard argument of counsel as to the law and facts, now therefore, makes the following findings and determinations:

1. In deciding the issue as to attorneys' fees of the Defendant Powell Brothers, Inc.'s co-counsel, I have considered all of the testimony of the very qualified experts offered by both parties as well as the testimony of Defendant's co-counsel themselves; considered the evidence as to the various "guidelines" frequently or commonly used by attorneys and parties involved in eminent domain matters to assist in weighing and determining fair and reasonable fees (although considering same only as "guidelines" and not as precise formulae incumbent on the Court or used as the basis for this Court's decision); having considered and applied all of the factors and elements established by Section 73.092, F.S.; the criteria set forth in Disciplinary Rule 2-106(b) of The Florida Bar Code of Professional Responsibility (while recognizing some dissimilarity between these and the express provisions of Section 73.092); and, lastly, considered numerous cases decided by the District Courts of Appeal of Florida and the Florida Supreme Court, including, but by no means limited to, such decisions as *Division of Administration v. Denmark*, 354 So.2d 100 (Fla. 4th DCA 1978) and *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).

2. I find that the two attorneys representing the Defendant have exceptional experience, skill, ability and expertise in the field of eminent domain practice and exercised these qualities fully in the approximately two years' representation of their client related to this matter.

3. I find that the nature of this threatened and filed condemnation proceedings did involve somewhat novel, complex and difficult issues and factors, particularly as established by the expert witness Richard E. Berman, as well as by other evidence on the subject.

4. The amount involved was substantial and there was a very significant responsibility undertaken and fulfilled by the attorneys.

5. I consider that the benefit resulting to the Defendant from and related to the services of its attorneys was exceptional and this factor is particularly applicable and significant under the facts of this case. Expressly, the Petitioner's original good faith estimate of value of $1,150,000.00 and the ultimate recovery to the Defendant was $2,844,500.00, just short of three times the original sum. It is noted also, that while the action did not go to trial, it was settled well after all pretrial procedures and preparation and while it was on calendar for trial.

6. From the evidence, I find that the attorneys expended a combined total of approximately 520 to 530 hours in all phases of this matter and that this amount of time and effort was reasonable under all of the circumstances.

6

7. As to a straight hourly rate without any other factors or elements, I find that a reasonable rate for like services in the locality for attorneys with similar qualifications would be approximately, but not less than, $175.00 per hour. It is noted that neither of the attorneys undertook to represent their client on an hourlly rate or on any other fixed basis other than an agreement to accept and be bound by the fees procured from the Petitioner or as determined by the Court under Section 73.092, F.S.

8. While it is noted that the *Rowe* decision does not arise out of an eminent domain case and does not expressly apply Section 73.092, F.S., I have considered and applied the approach announced therein.

9. I find that the lodestar figure produced by the findings above should be adjusted upward or enhanced both by the contingency risk factor and the ultimate success or benefit achieved.

10. I find that the appropriate contingency risk multiplier should be 2.5, based upon the fact that in my judgment the degree of success achieved by the Defendant's attorneys was both contingent and un-likely at the time the case was initiated. Based upon all the evidence and the inferences to be drawn therefrom, the Petitioner's appraiser or appraisers had originally appraised the value of the property taken at little more than one-third the ultimate value the Petitioner's primary appraiser and the Defendant's appraisers placed on the property after multiple "up date" evaluations. This degree or amount of increase is neither ordinary nor likely to occur in condemnation cases and can only logically be credited largely to the efforts, skill, reputation and experience of Defendant's attorneys. In addition, in adjusting the total amount of fees upward to the total figure hereinafter set forth, I have expressly considered the relationship between the amount of the fees awarded and the extent of success achieved.

11. Based upon all of the foregoing, I find that a fair and reasonable attorneys' fee for the services of both Defendant's attorneys as a combined fee is in the amount of $240,000.00.

12. I further find that a fair and reasonable expert appraisal fee for Defendant's appraiser John T. Hagan for his services in making appraisal of the subject property and preparing his written report is in the amount of $16,000.00.

13. The Petitioner having stipulated it has no objection to the remainder of Defendant's costs sought to be taxed and having previ-ously settled the appraiser's fee of Jesse B. Vance, Jr., the Defendant is awarded additional costs in the amount of $482.14.

7

14. The expert witness on attorneys' fees, Richard E. Berman, having testified that he expended approximately 14 hours in preparation, being deposed and testifying for the Defendant and that his usual and customary hourly rate is $165.00, which I find to be reasonable and appropriate, the Defendant is awarded the additional sum of $2,310.00 as costs incurred for the services of said expert witness.

It is, therefore, ORDERED AND ADJUDGED:

1. That the Defendant Powell Brothers, Inc. have and recover of and from the Petitioner City of Fort Lauderdale the sum of $240,000.00 as attorneys' fees, to be paid to James J. Richardson and Eugene L. Heinrich, Defendant's attorneys.

2. That said Defendant have and recover from said Petitioner, as costs of this action, the following sums:

A. $16,000.00 for the services of appraiser John T. Hagan;

B. $2,310.00 for the expert witness services of Richard E. Berman; and

C. $482.14 as miscellaneous additional taxable costs of Defendant.

3. The Petitioner City of Fort Lauderdale is ordered and directed to deposit the above and foregoing sums in the Registry of this Court within ten days of the rendition of this judgment and upon deposit with the Clerk of this Court is hereby authorized and directed to pay and disburse said sums, payable to the attorneys aforesaid, to John T. Hagan and Richard E. Berman as their interests appear above and to the Defendant as to the miscellaneous taxable costs; for all which sums let execution issue, together with interest at the legal rate from and after the date of this judgment and until paid.